JAMES C. CASTLE (SBN CA 235551)
jcastle@hinshawlaw.com
CHAKAMEH GANJI (SBN CA 311720)
cganji@hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone:  213-680-2800
Facsimile:  213-614-7399

Attorneys for Plaintiff-in-Interpleader
Metropolitan Life Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff-in-Interpleader,<br><br>　vs.<br><br>GUDELIA GALICIA, an individual; ANA DURAND, in her capacity as Administrator of the Estate of Jorge Durand; DESIREE LECEA, an individual; FOREST LAWN MORTUARY, a California corporation,<br><br>　　　　Defendants-in-Interpleader. | Case No.   5:19-cv-1412<br><br>**PLAINTIFF-IN-INTERPLEADER METROPOLITAN LIFE INSURANCE COMPANY'S COMPLAINT-IN-INTERPLEADER** |

Plaintiff-in-Interpleader Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, hereby files its Complaint-in-Interpleader and alleges as follows:

## PARTIES

1. MetLife is, and at all relevant times was, a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York. It is licensed to do business in the State of California.

2. MetLife is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Desiree Lecea ("Lecea") was a friend and co-worker of the now-deceased Jorge Duran (the "Decedent") and is a citizen of the State of California and resident of Rancho Cucamonga, California.

3. MetLife is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Gudelia Galicia ("Galicia") is Decedent's mother and is a citizen of the State of California and a resident of Riverside, California.

4. MetLife is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Ana Duran ("Duran") is Decedent's sister and the court-appointed Administrator of the Estate of Jorge Durand ("Estate"). She is a citizen of the State of California and a resident of Riverside, California.

5. MetLife is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Forest Lawn Mortuary is a California corporation with its principal place of business in Glendale, California.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 29 U.S.C. § 1132 (e)(1) and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because the Defendants-in-Interpleader reside in this district.

## CLAIM FOR RELIEF IN INTERPLEADER

8. Decedent, a former employee of Sempra Energy ("Sempra"), was a participant in the Southern California Gas Company Active Employee Group Health and Welfare Program (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by Sempra. Decedent had basic life insurance through the Plan. The life insurance benefits of the Plan were funded by MetLife. MetLife is also the claim administrator of the Plan. True and correct copies of the Plan document are attached hereto as **Exhibit "A."**

9. As a participant, Decedent had $91,000 in basic group life insurance coverage under the Plan (the "Plan Benefits").

10. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. § 1104(a)(1)(D).

11.     ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

12.     On or about March November 14, 2016, Decedent designated Lecea as the sole primary beneficiary of the Plan Benefits.

13.     On or about May 11, 2018, Decedent died in Los Angeles, California. A true and correct copy of Decedent's Certificate of Death is attached hereto as part of **Exhibit "B."**

14.     On or about May 24, 2018, Lecea submitted a claim for the Plan Benefits. A true and correct copy of Lecea's claim is attached hereto as **Exhibit "C."**

15.     On July 10, 2018, MetLife received correspondence and forms from Forest Lawn indicating that Lecea had assigned a portion of the right to collect Plan Benefits to Forest Lawn to fund Decedent's burial and funeral. Forest Lawn's claim is for $19,155.05. A true and correct copy of Forest Lawn's claim correspondence is attached hereto as **Exhibit "D."**

16.     On July 17, 2018, MetLife received a letter from Duran indicating that she had been appointed as the Administrator of the Estate. She indicated that she was contesting the designation of the designation of Lecea as beneficiary. She indicated that her brother was suffering from a debilitating illness that caused cognitive deficits and thus he was not of sound mind when he designated Lecea as beneficiary. A true and correct copy of Duran's letter is attached hereto as **Exhibit "E."** Duran also submitted a claim form on behalf of the Estate. That claim form

identified Galicia as a surviving parent. A true and correct copy of the claim form is attached as **Exhibit "F"**.

17. The Plan provides as follows:

> You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time.
>
> …
>
> If there is no Beneficiary designated or no surviving designated Beneficiary at Your death, We may determine the Beneficiary to be one or more of the following who survive You:
> * Your Spouse or Domestic Partner;
> * Your child(ren);
> * Your parent(s); or
> *Your sibling(s).
>
> Instead of making payment to any of the above, We may pay Your estate. Any payment made in good faith will discharge our liability to the extent of such payment….

18. By letter dated January 4, 2019, MetLife advised Lecea and Galicia that their claims were adverse to one another because it could not ascertain whether the latest beneficiary designation was valid given the claims of fraud and Decedent's incompetence. MetLife gave Galicia and Lecea an opportunity to amicably resolve their dispute in order to preserve the Plan Benefits from litigation costs and fees. A true and correct copy of MetLife's January 4, 2019 letter to Galicia and Lecea is attached hereto as **Exhibit "G."**

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

4

19. As of the filing of this interpleader action, Galicia and Lecea have not reached an agreement regarding the Plan Benefits. Additionally, if the beneficiary designation of Lecea was invalid, it is unclear whether the assignment to Forrest Lawn was valid.

20. Due to the competing claims, MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself and the Plan to multiple liabilities.

21. MetLife cannot determine whether a court would find the 2016 beneficiary designation valid or not. If a court finds the 2016 beneficiary designation valid, then $71,844.95 of the Plan Benefits would be payable to Lecea with the remaining $19,155.05 being payable to Forest Lawn. If a court finds the 2016 beneficiary designation invalid, then the Plan Benefits would be payable to Galicia, as a surviving parent, in accordance with the succession provisions of the Plan. It is unclear whether the assignment to Forest Lawn would be valid in that situation.

22. As a mere stakeholder, MetLife makes no claim to the Plan Benefits other than payment of its reasonable attorneys' fees and costs in connection with this action. MetLife respectfully requests that this Court determine to whom the Plan Benefits should be paid.

23. MetLife is ready, able and willing to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant(s)-in-Interpleader the Court shall designate.

24. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife prays for judgment against Defendants-in-Interpleader, and each of them, as follows:

1. That the Defendants-in-Interpleader, and each of them, be required to interplead and litigate among themselves their claims to the Plan Benefits;

2. That the Court enter an order restraining Defendants-in-Interpleader, and each of them, from instituting or further prosecuting any other proceeding in any court against MetLife and/or its agents, with respect to the Plan and/or the Plan Benefits;

3. That this Court enter an order setting forth the proper recipients of the Plan Benefits;

4. That MetLife, Sempra, and the Plan be discharged of all liability with respect to the Plan and the Plan Benefits and dismissed from the action with prejudice;

5. That MetLife be awarded its costs and reasonable attorneys' fees to be determined by the Court and paid out of the Plan Benefits; and

6. For such other and further relief as the Court deems reasonable and just under the circumstances.

DATED: July 17, 2019						HINSHAW & CULBERTSON LLP

								By: */s/ James C. Castle*
								JAMES C. CASTLE
								CHAKAMEH GANJI
								Attorneys for Plaintiff-in-Interpleader
								Metropolitan Life Insurance Company

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

7